**SCHOTT d. b. a. DUKE'S RESTAURANT, Appellant-Appellee, v. BOARD OF LIQUOR CONTROL, Appellees-Appellants.**

Ohio Appeals, Tenth District, Franklin County.

No. 5888.  Decided December 15, 1958.

J. Eugene Roberts, Charles T. Kaps, for Eleanor Schott, appellee.

William Saxbe, John W. Leibold, for Board of Liquor Control and Department of Liquor Control, appellant.

(GRIFFITH, PJ, of the Seventh District, YOUNGER and GUERNSEY, JJ, of the Third District, sitting by designation in the Tenth District.)

## OPINION

By YOUNGER, J.

This is an appeal from the Court of Common Pleas of Franklin County, which reversed the finding and order of the appellants and ordered the issuance of D-1 and D-2 permits to the appellee.

The evidence shows that the appellee, for some eighteen years prior to August 22, 1956, the date on which appellee filed her application for said permits, had been employed by one Luigi Scarsella, who was the owner and operator of the business at 624 Wilson Avenue, Youngstown, Ohio, known as "Duke's Bar," and for which business he was the holder of D-1 and D-2 permits.  On both of said applications for permits, in answer to Question No. 12, which asked: "What are the names and addresses of all persons having a direct or indirect interest in said business or premises?," the appellee answered as follows:

"Luigi Scarsella and Mary Grace Scarsella, 1728 Gladstone, Youngstown, Ohio, in the premises, and Eleanor Schott, 624½ Wilson Avenue, Youngstown, Ohio, in the business."

The Department of Liquor Control rejected appellee's application for a permit for three reasons:

1. Applicant was not the owner and operator of a restaurant at the time of application.

2. Luigi Scarsella would have an interest in the business and was carrying on the business without a proper permit.

3. Luigi Scarsella was not a proper person to hold a permit.

We have no difficulty in disposing of reasons two and three. Apparently the Board ignored the sworn testimony entirely and substituted therefor an assumption of its own, not only not supported by a word of testimony, but completely refuted by the evidence and exhibits. In addition to the sworn testimony, the licenses, including a restaurant license, soft drink license, music device license, and a vendor's license, all issued by the proper authorities, disclosed that Eleanor Schott is the sole owner. In addition, all utilities are in the name of Eleanor Schott, and receipts are in evidence showing that she made deposits to secure the payment of gas, electric, and telephone bills. Also in evidence is a properly executed bill of sale for a consideration of eight hundred dollars ($800.00), for the goods and chattels used in said business, and a properly executed lease for a period of one year at an annual rental of six hundred dollars ($600.00).

It is the contention of the appellants that because the applicant was not the owner or operator of a restaurant at the time she filed her application for the D-1 and D-2 permits, that said applicant made false and material answers in her application, and that because thereof, appellants were acting within proper authority in rejecting the application.

A proper solution of the question here presented depends upon the construction of §§4303.13 and 4303.14 R. C., which, so far as we are concerned here, provide that permits D-1 and D-2 may be issued to the owner or operator of a hotel or restaurant licensed pursuant to §3731.01 R. C.

It is to be here noted that these sections do not read, "Permits D-1 and D-2 **may be applied for only** by the owner or operator of a hotel or restaurant licensed pursuant to §3731.01 R. C." Sec. 4303.26 R. C., reads:

"Applications for regular permits authorized by §§4303.02 to 4303.23 inclusive, R. C., may be filed with the Department of Liquor Control."

In **State, ex rel. Mandalla v. Bryant, 156 Oh St 396,** the Supreme Court construed this section, in its former form but with practically identical wording, and said, "that section gives to the relators, without qualification, the right to file with the Liquor Department, applications for permits, regardless of the qualifications of the applicants, the number of issued and outstanding permits, or the maximum number authorized to be issued."

It is, therefore, quite plain that so far as these statutes are concerned, practically anyone can file an application for a permit, but that permits may only be issued to the owner or operator of a restaurant.

A closer examination of the evidence submitted before the Board shows that for about eighteen years previous to the date of the applications herein, the applicant had been employed by Scarsella and had been attempting to purchase the business for seven or eight years, and that during said period, Scarsella had had his permits suspended on several occasions for violations, and that although the applications for the permits were made on August 22, 1956, the bill of sale to the applicant

was not executed until May 3, 1957, and the lease was executed May 6, 1957. The applicant's city licenses for restaurant, soft drink, music device, and vendor's license, were issued May 6th, 1957.

Regulation Twelve of the Board of Liquor Control provides:

"No Class C or D permit, except on a renewal, shall be issued by the Department until a complete examination, including inspection of the premises, has been conducted under the direction of the permit division . . . . and the Department finds that the respective applicants and the proposed locations meet all of the requirements imposed by law and regulations."

The inspection provided for by this regulation was made of the applicant and the premises the last part of May, 1957, and the Department's rejection order was dated June 28, 1957.

It is, therefore, established beyond doubt that at the time of the rejection order on June 28, 1957, and on August 13, 1957, when the Board of Liquor Control heard the appeal from the order of the Director of the Department, that the applicant, together with her husband who furnished some of the money, were the only persons directly or indirectly involved in the ownership of the business, and that the applicant was the owner and operator of a restaurant. However, it is admitted by the applicant that on the date of the filing of her application, Scarsella owned and operated the business, and she was working for him pending the working out of the details involved in transferring the business, and the necessary inspection by the Department of Liquor Control. It is not necessary for our purposes here to decide when, between the meeting of the minds on the purchase and sale of a business and the ultimate execution of the bill of sale and lease, a person becomes legally and technically an "owner or operator." That could depend upon a variety of facts and circumstances, and would depend considerably upon what the whole agreement was at the time the parties agreed to buy and sell, and when they agreed as between themselves the buyer was to become the owner of the business.

The appellants rely heavily upon the case of **Mocilnikar v. Board of Liquor Control, 84 Oh Ap 266,** in which this Court held, in a case involving an application for a D-5 permit, "that it is the intent and purpose of the law that a night club be regularly and habitually in operation at the time a D-5 permit is applied for and issued. The record in that case shows that the appellant therein was not the owner or the operator of a night club, either when the application was made or when the license was issued."

It is the claim of the appellee that this holding is dictum and not applicable to the case at bar, where the evidence is conclusive that the applicant was the actual owner and operator of the restaurant at the time of the inspection provided for by Regulation Twelve, and when the matter was heard by the Department of Liquor Control, and the application rejected.

We hold that there is no statutory requirement that the applicant for a D-1 or D-2 permit be the owner and operator of a restaurant at the time of filing the application for said permits, and that a proper

construction of the statutes here under consideration shows that it was not the legislative intent to limit **the right to file applications** for D-1 and D-2 permits only to the actual owners or operators of restaurants at the time of filing the application.

We, therefore, hold that the action of the Department of Liquor Control and the Board of Liquor Control, in rejecting the applications for the permits for the reason that the applicant was not an owner or operator of a restaurant at the time the applications were filed, has no statutory basis; is contrary to law; and is unreasonable.

The judgment of the Common Pleas Court is, therefore, affirmed.

GUERNSEY, J, GRIFFITH, PJ, concur.